IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  03:10cv572-WHA |
| | ) | |
| UNUM GROUP CORPORATION, et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  Facts and Procedural History**

This cause is before the court on a Motion for Leave to Amend Answer (Doc. #20) and Defendants' Supplemental Motion for Leave to Amend (Doc. #22), filed by the Defendants, and a Plaintiff's Motion to Strike (Doc. #24).

The Plaintiff, Allen Ball, originally filed a Complaint in the Circuit Court of Macon County, Alabama on June 4, 2010.  The Complaint alleges claims for denial of benefits under a disability insurance policy, and for fraud and bad faith.

On July 6, 2010, the case was removed by the Defendants to federal court on the basis of diversity subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, 1441, 1446.  No Motion to Remand was filed, and it appears that the court has diversity subject matter jurisdiction in this case.

The Defendants filed an Answer to the Complaint on July 7, 2010, admitting that the Plaintiff purchased a disability policy, identifying the policy by number, and admitting the dates during which premiums were paid.  *See* Doc. #1, p.2.   The Answer also included various affirmative defenses. There is no mention of the Employee Retirement Income Security Act of

1974 ("ERISA") in the Notice of Removal or in the Answer.

The parties filed a Report of Parties' Planning Meeting in which they requested that certain deadlines be set by the court, including a November 15, 2010 deadline for the Defendants to amend the pleadings. *See* Doc. #14. On August 17, 2010, the court entered a Uniform Scheduling Order, setting November 15, 2010 as the deadline for the Defendants to amend the pleadings. *See* Doc. #15, § 4.

The Defendants' Motion for Leave to Amend Answer, filed on March 14, 2011, seeks to add three paragraphs, including an invocation of complete preemption under ERISA, a request for dismissal for failure to exhaust administrative remedies, and a request to strike the right to a jury trial because the claims are ERISA claims. The Defendants state that the insurance policy identified in the Complaint appears on its face to be an individual disability insurance policy, and that it was not until the Plaintiff's January 19, 2011 deposition that the Defendants became aware that the policy was part of a package of insurance benefits made available to employees, thereby potentially raising ERISA issues.

## II.  DISCUSSION

Nearly four months after the deadline for amendment of the pleadings, the Defendants seek to transform this case from one bringing claims for damages, subject to state law defenses, to a case subject to ERISA defenses and standards. The Defendants do not contend that their request is jurisdictional. Instead, they concede that they seek to add affirmative defenses.

The Circuits which have addressed the issue have concluded that, in a case bringing a claim for benefits, ERISA affirmative defenses may be waived if not timely raised. *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 349-50 (2d Cir. 2003); *Wolf v. Reliance Standard Life Ins.*

*Co.*, 71 F.3d 444, 448-49 (1st Cir. 1995); *Dueringer v. Gen. Am. Life Ins. Co.*, 842 F.2d 127, 129-30 (5th Cir. 1988); *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1497 (9th Cir. 1986); *see also Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (characterizing defensive preemption as an affirmative defense).  In *Wolf*, the plaintiff filed a claim for disability benefits in state court, and the case was removed to federal court on the basis of diversity jurisdiction.  71 F.3d at 446.  The district court denied out-of-time requests to dismiss and to strike the jury demand based on ERISA.  The First Circuit affirmed, concluding that ERISA affirmative defenses are waivable in a benefits-due action, and that it is within a district court's discretion to find prejudice to the plaintiff in an amendment which changes the theory of the case and requires additional discovery, research, and preparation.  *Id.* at 450.

In this case, because the affirmative defenses they seek to add are waivable if not timely pled, the Defendants must meet the standard for amendment of the pleadings.  The Defendants have argued that this court should allow their untimely amendment because  "[t]o the extent the Defendants could have raised these affirmative defenses prior to the Court's deadline for amending the pleadings, counsel for Defendants asserts that the failure to do so was caused by excusable neglect."  *See* Doc. #22, p. 2.

A district court is required to issue a scheduling order to "limit the time to join other parties, amend the pleadings . . . . " Fed. R. Civ. P. 16(b)(3)(A).  A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause standard precludes modification unless the schedule cannot "'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note).  These rules are important to

protect the integrity of scheduling orders, and enforcement is necessary if the orders are not to be rendered meaningless.

In this case, based on the parties' request, the court set a deadline for the Defendants' amendment of the pleadings of November 15, 2010. That scheduling order was entered on August 17, 2010, and the Defendants were, therefore, free to take the Plaintiff's deposition for nearly three months before the amendment deadline. The Defendants seek to add affirmative defenses nearly four months after that deadline passed. The insurance policy at issue, and the premium payments, were specifically referenced in the Answer, indicating that the information needed to discern that this case potentially implicated ERISA issues was available to the Defendants through the exercise of diligence. The Defendants do not purport to have acted diligently, but instead merely state that their conduct in failing to timely-amend was excusable neglect. Accordingly, the Defendants in this case have not met their burden to show good cause, and their motions are due to be DENIED on that basis.

The Defendants state that the Plaintiff will suffer no prejudice by allowing the amendment because the Plaintiff has conducted no discovery, there have been no legal rulings, and the Motion for Leave to Amend was filed before the end of discovery. Although lack of prejudice is not a reason which would authorize modification of a scheduling order, allowing the Defendants to interject an entirely new basis for defending the claims against them, including exhaustion of remedies, would prejudice the Plaintiff by requiring additional research and preparation.

### III. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

    1.  The Motion for Leave to Amend Answer (Doc. #20) and Defendants' Supplemental Motion for Leave to Amend (Doc. #22) are DENIED.

    2.  The Plaintiff's Motion to Strike (Doc. #24) is DENIED as moot.

Done this 8th day of June, 2011.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE