IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  03:10cv572-WHA |
| | ) | |
| UNUM GROUP CORPORATION, et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

### I.  FACTS AND PROCEDURAL HISTORY

This cause is before the court on the Defendants' Motion for Summary Judgment (Doc. #27).

The Plaintiff, Allen Ball ("Ball"), originally filed a Complaint in the Circuit Court of Macon County, Alabama on June 4, 2010.  The Complaint alleges state law claims for denial of benefits under a disability insurance policy, for fraud, and for bad faith.

Ball's claims arise from a denial of disability benefits by the Defendants, Unum Group Corporation, AXA Equitable Company, the Equitable Life Assurance Society of the United States (collectively "Unum").

Ball purchased coverage under a disability insurance policy in July 1995.  At that time he was employed as the President and CEO of Memphis Health Center.  His employer paid the premiums for the disability insurance coverage.  Unum points out the policy contains a renewal option which provides as follows:

> 7.1 Renewal Option
> After your 65th birthday You may continue Your Policy for the Total Disability benefit while:

> a. You remain actively and regularly employed full time for at least 30 hours per week; and
> b. The premium is paid on time.

We can require proof after Your 65th birthday that You have continued to be actively and regularly employed full time.

Def. Ex. #2, p. UG-CL-IDI-263.

On May 2, 2006, Unum sent Ball a letter advising him that he had to remain regularly and actively employed full time to continue disability benefits. *See id.* at p. UG-CL-IDI-180. In June 2006, Ball turned 65 years of age.

On April 18, 2008, Ball was terminated from his employment. Ball scheduled cancer-related surgery for June 2008. Ball initiated a claim for disability benefits on July 3, 2008 based on his surgery. The claim form stated that Ball's last date worked was April 18, 2008. *Id.* at p. UG-CL-IDI-184.

In December 2008, after the investigation of the benefits claim, Unum sent Ball a letter advising him that Unum was denying his claim for long term disability benefits because he was not employed full time after April 18, 2008, and therefore was no longer covered by the Policy.

Ball has stated in his deposition that although he was laid off in April 2008, his termination was wrongful, and a decision was later made to honor his contract. Ball began receiving unemployment compensation, however, from the Commonwealth of Massachusetts as early as July 19, 2008. *See id.* at p. UG-CL-IDI-193.

Ball subsequently moved to Alabama, and filed a suit. On July 6, 2010, the case was removed by the Defendants to federal court on the basis of diversity subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, 1441, 1446. Unum filed an Answer to the Complaint on July 7,

2010.  No Motion to Remand was filed, and it appears that the court has diversity subject matter jurisdiction in this case.

Unum filed a Motion for Leave to Amend Answer on March 14, 2011, seeking to add affirmative defenses under the Employee Retirement Income Security Act of 1974 ("ERISA"). The court denied the motion as being untimely, with no showing of just cause for the untimeliness.  *See* Doc. #31.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

## II.  DISCUSSION

Unum timely filed a Motion for Summary Judgment on May 19, 2011.  The Motion was accompanied by a supporting brief and evidence, including deposition testimony, affidavits, and documents.  The court issued an order giving Ball until June 10, 2011, to file a response to the Motion, and setting June 17, 2011 as the date of submission for the motion. *See* Doc. #30.  As of the date of this Memorandum Opinion and Order, no response in opposition to the Motion for Summary Judgment has been received by this court.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.  *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02.  Accordingly, the court has reviewed the evidentiary

materials presented by Unum in accordance with Rule 56 of the Federal Rules of Civil Procedure.

A party asking for summary judgment pursuant to Rule 56 "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

In the instant case, Unum has met this burden. It has submitted multiple documents, including the insurance policy at issue, Ball's claim file, a transcript of Ball's deposition, and other evidence. Unum has addressed each element of the claims against it, and referred to evidence in the record.

Once the moving party has met its burden, Rule 56 "requires the nonmoving party to go beyond the pleadings," *Celotex*, 477 U.S. at 324, and cite "to particular parts of the materials in the record." Rule 56(c)(1). If the adverse party does not so respond, summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

By failing to file any response to the Motion for Summary Judgment, Ball has failed to meet his burden under Rule 56. Further, the court has reviewed the evidentiary materials submitted by Unum and finds no question of fact as to any material issue raised by Unum as a ground for summary judgment, including, but not limited to, the fact that Ball was not actively and regularly employed full time, within the meaning of the policy at issue, after April 18, 2008.

The court finds that Unum is entitled to judgment as a matter of law on all claims in the Complaint.

### III. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Summary Judgment (Doc. #27) is GRANTED.  A separate Judgment will be entered in accordance with this Order.

Done this 20th day of June, 2011.

                                        /s/ W. Harold Albritton  
                                        W.  HAROLD ALBRITTON  
                                        SENIOR UNITED STATES DISTRICT JUDGE